### IN THE UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| JAMES W. BAILEY, IV, | * | |
| Plaintiff, | * | |
| | * | CIVIL ACTION NUMBER |
| v. | * | |
| | * | 1:10-cv-689-MEF-TFM |
| | * | |
| SHERIFF ANDY HUGHES, | * | |
| et al., | * | |
| | * | |
| Defendants. | * | |

### PLAINTIFF'S RESPONSE TO DEFENDANTS ARMSTRONG CHANCEY, LANEY AND HARRISON'S MOTION TO DISMISS

**COMES NOW** the Plaintiff, **JAMES W. BAILEY**, (hereinafter, "**BAILEY**") and in response to Defendants, Armstrong, Chancey, Laney and Harrison's Motion to Dismiss, submits his Memorandum Brief opposing said Motion to Dismiss.

### The Standard of Review

In determining the nature of the allegations contained in a complaint the complaint is analyzed collectively and taken as a whole. Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322, 127 S. Ct. 2499, 2511, 168 L. Ed. 2d 179 (2007). The factual allegations are to be taken as true and construed in a light most favorable to the plaintiff. Speaker v. U.S. Dept. of Health & Human Services Centers for Disease Control & Prevention, 623 F.3d 1371, (11th Cir. 2010). Generally the scope of review of a motion

1

to dismiss is limited to the four corners of the complaint and if reference is made to matters outside the pleadings it is converted to a Rule 56 summary judgment motion. There is a limited exception to the rule that reference to extrinsic documents converts the motion to dismiss to one for summary judgment. Speaker v. U.S. Dept. of Health & Human Services Centers for Disease Control & Prevention, supra.

The rule of the exception permits a district court to consider an extrinsic document without converting the motion to one for summary judgment if it is central to the plaintiff's claim and its authenticity is not challenged. It is appropriate to consider the extrinsic document when its contents are not in dispute. Speaker v. U.S. Dept. of Health & Human Services Centers for Disease Control & Prevention, supra, at 1379-1380. When a court incorporates extrinsic documents the question remains whether the complaint contains enough fact to raise a reasonable expectation that discovery will reveal evidence of the elements of the cause of action. Speaker v. U.S. Dept. of Health & Human Services Centers for Disease Control & Prevention, supra, at 1380.

The obligation of the plaintiff is to provide the defendant fair notice of the claim being made against him and the grounds upon which the claim rests. . <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 556, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007). Rule 8 of the Federal Rules of Civil Procedure requires a well-pled complaint to have sufficient factual allegations when accepted as true that they provide factual content sufficient to allow a court to draw the reasonable inference that the defendant is liable for the misconduct alleged. <u>Ashcroft v Iqbal</u>, 129 S. Ct. 1937, @ 1949, 173 L.Ed.2d 868, (U.S. 2009). In determining whether a complaint survives a motion to dismiss the court employs a two-pronged test. One must determine those allegations that are nothing more than mere conclusions. <u>Ashcroft v Iqbal</u>, supra @ 1950. Legal conclusions can provide the framework for the complaint but they must be supported by factual allegations. The factual allegations supporting the legal conclusions are entitled to be taken as true and the court drawing on its judicial experience and common sense must determine whether the complaint within the context of the facts alleged states a plausible entitlement to relief. Ibid.   This is not to say that the

3

entitlement to relief is probable but the complaint must cross the line between possible and plausible. Ashcroft v Iqbal, supra @ 1951; Jacobs v Tempur-Pedic International, Inc., 626 F.3d. 1327, @ 1333, (CA 11, 2010).

In reviewing a complaint alleging a constitutional violation the court, taking the facts alleged as true and drawing all reasonable inferences from them, must determine whether a constitutional violation is established. Keating v City of Miami, et al., 598 F3d 753, @ 762(C.A. 11, 2010). A complaint is well founded if the factual allegations are sufficient to suggest the existence of the required elements of the cause of action.  It must raise the right of recovery to the plausible raising the right of relief beyond the speculative. The complaint need not establish the right of recovery to the level of probability at the pleading stage. It is enough if the complaint identifies facts sufficient to create a reasonable expectation that discovery will reveal evidence of the required elements. The complaint succeeds in "…identifying facts that are suggestive enough to render [the element] plausible." Rivell v. Private Health Care Systems, Inc., 520 F.3d 1308, @ 1310, (CA 11, 2008).  In asserting his factual

4

allegations a plaintiff is not required to provide detailed factual allegations and is only required to provide enough facts to state a claim for relief that is plausible on its face. Bell Atl. Corp. v. Twombly, supra at 555.

> "Pleadings for § 1983 cases involving defendants who are able to assert qualified immunity as a defense shall now be held to comply with the standards described in Iqbal. A district court considering a motion to dismiss shall begin by identifying conclusory allegations that are not entitled to an assumption of truth-legal conclusions must be supported by factual allegations. The district court should assume, on a case-by-case basis, that well pleaded factual allegations are true, and then determine whether they plausibly give rise to an entitlement to relief." Randall v Scott, 610 F.3d 701, (CA 11, 2010).

## ARGUMENT

**A. Plaintiff's Fourteenth Amendment Claims are not due to be Dismissed.**

**1.** Corrections Officers Armstrong, Chancey, Laney and Harrison cite Cottrell v. Caldwell, 85 F.3d 1480, 1490 (11th Cir. 1996) as the basis for asserting the Fourteenth Amendment Claim should be dismissed. They assert that Plaintiff must chose one position over another. Cottrell merely states that whether a person is a pre-trial detainee requiring a Fourteenth Amendment Due Process analysis or an

5

inmate requiring an Eighth Amendment analysis, the process for the analysis is the same.  "Claims involving the mistreatment of arrestees or pretrial detainees in custody are governed by the Fourteenth Amendment's Due Process Clause instead of the Eighth Amendment's Cruel and Unusual Punishment Clause, which applies to such claims by convicted prisoners." Cottrel v. Caldwell at 590. Cottrell does not address that a Plaintiff must chose one form of possible constitutional violation over another.  "The holding of *Estelle* relates to a convicted prisoner's Eighth Amendment right to be free from cruel and unusual punishment, whereas a pre-trial detainee has a Fourteenth Amendment due process right to be free from punishment altogether." Aldredge v. Montgomery, 753 F.2d 970, 972 (11th Cir. 1972).  "the due process rights of a [pretrial detainee] are at least as great as the Eighth Amendment protections available to a convicted prisoner." Hamm v. DeKalb County, 774 F.2d 1567, 1574 (11th Cir. 1985) quoting from Aldredge v. Montgomery, 753 F.2d 970, 972 (11th Cir. 1972)  It is undisputed that **BAILEY** was an inmate with the Department of Corrections.  However, he was transported to and placed in the Houston County Jail to await trial on a

separate issue and could therefore be considered a pre-trial detainee. **BAILEY** concedes there may be a point where he must chose, but he has made a sufficient showing that he could be considered either. Therefore his Fourteenth Amendment Claim is not due to be dismissed at this juncture.

**B.    Corrections Officers Armstrong, Chancey, Laney and Harrison are not entitled to Qualified Immunity in the Individual Capacities.**

Plaintiff understands that if it is determined from the facts that qualified immunity exists, the Defendants are entitled to complete protection. Clearly there are circumstances where a defendant might assert a qualified immunity defense, but a jury or trial court may see otherwise. "Where it is not evident from the allegations of the complaint alone that the defendants are entitled to qualified immunity, the case will proceed to the summary judgment stage, the most typical juncture at which defendants entitled to qualified immunity are released from the threat of liability and the burden of further litigation. Even at the summary judgment stage, not all defendants entitled to the protection of the qualified

7

immunity defense will get it."   Johnson v. Breeden, 280 F.3d 1308, 1317 (11th Cir 2002).   "Even at the summary judgment stage, not all defendants entitled to the protection of the qualified immunity defense will get it. . . . But if the evidence at the summary judgment stage, viewed in the light most favorable to the plaintiff, shows there are facts that are inconsistent with qualified immunity being granted, the case and the qualified immunity issue along with it will proceed to trial." Id.   "Equally important, it is clearly established that all infliction of excessive force on a prisoner sadistically and maliciously for the very purpose of causing harm and which does cause harm violates the Cruel and Unusual Punishment Clause. So, where this type of constitutional violation is established there is no room for qualified immunity."

**BAILEY** asserts that his complaint alleged that the acts of the officers were malicious and sadistic.   See **BAILEY'S** Complaint ¶ 4, Count IV (d), Count VIII (b).   **BAILEY** was not being disobedient he was afraid for his life, because he saw weapons in the hands of the officer(s) when they came to his cell.   Moreover, he claimed that the officer

8

who initially tased him smiled prior to the shooting of the taser.  **BAILEY** Complaint ¶4(a)(9)(10).

**1.   Corrections Officers Armstrong, Chancey, Laney and Harrison were not acting within their discretionary authority.**

**BAILEY** asserts that Defendants Armstrong, Chancey, Laney and Harrison were not acting within their discretionary function.  The officers make a bald assertions that their acts were acting within their discretionary authority.  "To establish that the challenged actions were within the scope of his discretionary authority, a defendant must show that those actions were (1) undertaken pursuant to the performance of his duties, and (2) within the scope of his authority. "A bald assertion that the acts were taken pursuant to the performance of duties and within the scope of duties will not suffice."  Harbert Intern., Inc. v. James, 157 F.3d 1271, 1282 (11th Cir. 1998).  "The test of reasonableness under the Fourth Amendment is not capable of precise definition or mechanical application. In each case it requires a balancing of the need for the particular search against the invasion of personal rights that the search

9

entails. Courts must consider the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted." Bell v. Wolfish, 440 U.S. 520, 552 (1979). It is clear that searches or acts constituting control of an inmate may be challenged. Moreover, there was no indication that **BAILEY** was resisting with force. He merely felt in fear of his life and told the officers so.

**2.   Corrections Officers Armstrong, Chancey, Laney and Harrison did violate Plaintiff's Federally protected right.**

**BAILEY** again assert that Defendants merely have made a bald assertion that **BAILEY'S** rights were not violated and have provided no case law to support such claim.   An otherwise legal strip search may become illegal when it is conducted outside the parameters of Bell v. Wolfish, supra. Clearly, although tasers may be used, they also may be used excessively.   See Calhoun v. Banks, --- F.3d---, 2009 WL 1765261 (MD Ala. 2009).   Moreover, Plaintiff alleges that the conduct of the officers was in retaliation in part, because of the lawsuit, but also because they did not find any contraband.   Finally **BAILEY** alleged that he was in fear

10

for his life which was the basis for his request of a supervisor: to insure his safety.  See **BAILEY** pleadings.

### a.  Corrections Officers Armstrong, Chancey, Laney and Harrison used excessive force on Plaintiff and failed to intervene

Bailey asserts for the same reasons submitted by Defendant as to why the case should be dismissed, at this juncture, his claim should prevail.  The video tape which **BAILEY** addressed in his Complaint would support his claim that excessive force was used.  Defendants cite Whitley v. Albers, 475 U.S. 312 (1984) to support their claim. However, the use of force in Whitley was used in the middle of a riot. In **BAILEY'S** case no riot was occurring and a strip search had already been completed without incident. In fact, the five factors to be considered in evaluating whether the force was unnecessary and cited in his Memorandum Brief actually may support **BAILEY'S** contention. "The above cases are consistent with our distinction, for purposes of applying the eighth amendment in the context of prison discipline, between punishment after the fact and immediate coercive measures necessary to restore order or security.  Prison officials step over the line of

11

constitutionally permissible conduct if they use more force than is reasonably necessary in an existing situation or if they summarily and maliciously inflict harm in retaliation for past conduct."   Ort v. White, 813 F.2d 318, 324, 325 (11th Cir. 318).   Although Defendants cite Carr v. Tatangelo, 338 F.3d 1259 (11th Cir. 2003) claiming a reasonable apprehension standard, the case involved a shooting at police officers and their response.  It in no way relates to the facts of this case.

**BAILEY** contends that his claim of failure to intervene should prevail.  Citing Fundiller v. City of Cooper City, 777 F.2d 1436 (11th Cir. 1985), it is clear that an officer who is present during the use of excessive force and fails to intervene may be held liable.  "Applying the *Johnson* factors to the facts as found by the district court in *Gilmere,* we concluded that two police officers were liable for beating an individual when the beating occurred 'with little or no provocation' and the blows 'were not delivered in a good faith effort to control [the individual] but rather out of irritation at his initial resistance....' We also relied on substantive due process grounds to affirm a judgment holding one of the policemen

12

liable for a shooting death where the officer's momentary belief that his life was in danger was solely attributable to his fear of retaliation for his own unjustified physical abuse. Fundliller v. City of Cooper City, at 1441-1442, internal citation omitted. "It is not necessary that a police officer actually participate in the use of excessive force in order to be held liable under section 1983. Rather, an officer who is present at the scene and who fails to take reasonable steps to protect the victim of another officer's use of excessive force, can be held liable for his nonfeasance." Id. at 1442-443. Moreover, Fundiller held that not identifying all of the officers who committed act upon the plaintiff was a close issue, but held also that the plaintiff' allegations sufficiently stated a claim of excessive use of force. Id. at 1441.

**BAILEY** asserts he has met the burden in his claim and it should not be dismissed against these officers.

### b. The Plaintiff was subjected to an illegal strip search

Citing Powell v. Barrett, 541 F.3d 1298 (11th Cir. 2008) the Defendants assert that the strip search was legal. However, citing Bell v. Wolfish, 440 U.S. 520, 552

13

(1979), supra., searches may in fact be illegal searches based upon the criteria set out in the case. This is an evidentiary matter to be disposed of through summary judgment or trial.

**c.  Plaintiff's conditions of confinement were not reasonable.**

**BAILEY** concedes that his original cell may have been constitutional whether there was overcrowding at the Houston County Jail or not. However, after his return from the hospital he was placed in a "closet cell" when there was no indication that his conduct was out of control. Moreover, whether he suffered damage from being in the "closet cell" would best be determined through the fact gathering process of depositions. Clearly **BAILEY** alleges denial of food and water for a period of eight hours. If he was not out of control at the time of return from the hospital, a jury could infer that he was placed there in retaliation for his earlier conduct. **BAILEY** alleges this claim should remain.

**d.  TASERs are constitutional as a matter of law.**

Whether stun guns are constitutional at this point in history is still a matter to be considered. The issue

14

presented to the Court is whether when they are used in retaliation against an inmate, should the officers be permitted to continue their use without retraining.   In citing Draper v. Reynolds, 369 F.3d 1270(11th Cir. 2004), this Court held that it was appropriate to TASER Draper, because he was belligerent, hostile, uncooperative and cursing at Reynolds.   However, this case presents different facts, because **BAILEY** was none of these things when the TASING occurred.   **BAILEY** argues that the he was in fear of his life when he was asked to come out of his cell, but at the time he was TASED, he was merely asked to get on his knees.

      **e.   These Defendants did retaliate against Plaintiff.**

Defendants assert that no causal relation to his being TASED and free speech.   **BAILEY** disagrees.   Clearly he has asserted to the officer that he had a lawsuit against them. It is inconceivable that fellow officer were not aware of **BAILEY'S** prior claim, because the action was pending in the court.   Moreover, **BAILEY** told the officers of the lawsuit prior to their TASING him.   Defendants cite Thomas v. Cooper Lighting, Inc., 506 F.3d 1361 (11th Cir. 2007)

15

showing that free speech cannot be retaliated against even after an extend period of time.  The Defendants claim that he verbally resisted then actively resisted after he was TASED.   This cannot stand, because they created the problem, by not merely having a supervisor present when **BAILEY** told them he was in fear of his life.  See <u>Fundiller v. City of Cooper City</u>, 777 F.2d 1436 (11th Cir. 1985).  An officer cannot claim he acted reasonably by using force after the fact, when he initially created the problem.

### f.   Inmates do not have a Fourteenth Amendment Due Process Right to have a supervisor present

**BAILEY** contends that this claim is due to remain.  It is clear in his pleading that all of this disaster could have been avoided if a supervisor had been present.  He was afraid for his life, because he saw at least one officer with a knife.  See **BAILEY** pleadings.

### 3. No clearly established law provided "fair warning."

**BAILEY** asserts this issue has no merit.  "Qualified immunity provides protection for government officials performing discretionary functions and sued in their individual capacities as long as their conduct violates no 'clearly established statutory or constitutional rights of

16

which a reasonable person would have known.'" <u>Storck v. City of Coral Springs</u>, 354 F.3d 1307, 1313 (11th Cir. 2003) (Citations Omitted). It is unquestionable that the Eighth Amendment prohibits excessive use of force by government agents and that a §1983 action permits redress for those violations. Clearly jailers would reasonably have known that their conduct can be addressed by lawsuit if they acted outside the guidelines of the law. Therefore, Defendants had notice.

**CONCLUSION**

For the foregoing reasons**, BAILEY** asserts that his claim should not be dismissed and that he should be permitted to continue his action.

**RESPECTFULLY SUBMITTED** this the ___11th___ day of ___March___, 2011.

                    ___/s/ Allen K. Mitchell___
                    **ALLEN K. MITCHELL, (MIT034)**
                    Attorney for the Plaintiff
                    707 West Main Street
                    Dothan, AL 36301
                    Ph: (334) 671-0289
                    FAX: (334) 671-0290
                    E-mail: mitchak@mmgpc.com

**CERTIFICATE OF SERVICE**

I hereby certify that that I have electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will provide notice to the following CM/ECF participants:

Gary L. Willford, Jr.
Webb & Ely, P.C.
7475 Halcyon Pointe Drive
Montgomery, Al 36117

Gary Sherrer
Sherrer, Jones & Terry, P.C.
335 West Main Street
Dothan, AL 36301

Lawrence Matthew Quinlivan
Deutsch, Kerrigan & Stiles, LLP
2510 14th Street, Suite 1001
Gulfport, MS 39501

                          /s/ Allen K. Mitchell
                          **ALLEN K. MITCHELL, (MIT034)**
                          Attorney for the Plaintiff
                          707 West Main Street
                          Dothan, AL 36301
                          Ph: (334) 671-0289
                          FAX: (334) 671-0290
                          E-mail: mitchak@mmgpc.com