IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| JAMES W. BAILEY, IV, | * | |
| Plaintiff, | * | |
| | * | CIVIL ACTION NUMBER |
| v. | * | |
| | * | 1:10-cv-689-MEF-TFM |
| | * | |
| SHERIFF ANDY HUGHES, | * | |
| et al., | * | |
| | * | |
| Defendants. | * | |

**PLAINTIFF'S AMENDED RESPONSE TO DEFENDANTS SHERIFF ANDY HUGHES AND COMMANDER REED'S MOTION TO DISMISS**

**COMES NOW** the Plaintiff, **JAMES W. BAILEY**, (hereinafter, "**BAILEY**")  and as amendment to his response to Defendants, Andy Hughes and Commander Reed's Motion to Dismiss submits his Amended Memorandum Brief on Sections III and IV opposing said Motion to Dismiss.

**III.  Bailey's official capacity claims are not due to be dismissed.**

In Monell v. New York City Dept. of Social Servs., 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), this Court held that civil rights plaintiffs suing a municipal entity under 42 U.S.C. §1983 must show that their injury was caused by a municipal policy or custom. The case before the Court in Monell directly involved monetary damages. The question presented is whether the "policy or custom"

requirement also applies when plaintiffs seek prospective relief, such as an injunction or a declaratory judgment. We conclude that it does so apply." Los Angeles County, Cal v. Humphries, 131 S.Ct 447, 449 (2010).

**A. Plaintiff's Official Capacity Claims are not barred by Eleventh Amendment Immunity.**

In Brandon v. Holt, 469 U.S. 464, 472 (1985) the United Supreme Court held that "[i]n at least three recent cases arising under § 1983, we have plainly implied that a judgment against a public servant 'in his official capacity' imposes liability on the entity that he represents provided, of course, the public entity received notice and an opportunity to respond. We now make that point explicit." Moreover, in a case arising in Houston County, Alabama, the Eleventh Circuit Court discussed the award of attorney's fees in relation to the Sheriff being sued individually and in his official capacity. "The Court's decision in *Hutto* and the legislative history of the Civil Rights Attorney's Fees Awards Act of 1976 lead to the conclusion that when Congress passed the Act, it undoubtedly intended 'to authorize fee awards payable by the States when their officials are sued in their official

capacities.'"   Odum v. Clark, 748 F.2d 1538, 1542 (11th Cir. 1984) quoting Hutto v. Finney, 437 U.S. 678, 693-694 (1978).   Perhaps more important was the holding that the Sheriff was held liable in his official capacity only: not individually.  Odum v. Clark at 1541.

BAILEY responds to Defendant's argument regarding whether they are persons as follows.   "Obviously, state officials literally are persons. But a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office."   Will v. Michigan Department of State Police, 491 U.S. 58, 71 (1989).   "Of course a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because 'official-capacity actions for prospective relief are not treated as actions against the State.'" Id.

### B.  Plaintiff does not lack standing.

Addressing Defendants' footnote on page 21 of the Motion to Dismiss, BAILEY admits that currently he has a sentence of life without parole.   However, BAILEY is challenging that sentence through a Rule 32, A.R.Cr.P process which substantially calls into question whether his

conviction should stand. If his Rule 32 challenge succeeds, the sentence will be abated.

**BAILEY** asserts he does have standing. "Plaintiffs in the federal courts 'must allege some threatened or actual injury resulting from the putatively illegal action before a federal court may assume jurisdiction.'" O'shea v. Littleton, 414 U.S. 488, 493 (1974). "Abstract injury is not enough. It must be alleged that the plaintiff 'has sustained or is immediately in danger of sustaining some direct injury' as the result of the challenged statute or official conduct." Id. "Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief, however, if unaccompanied by any continuing, present adverse effects." O'shea v. Littleton at 495-496. It is unquestioned that **BAILEY** suffered injury as a result of the actions of the corrections officers at the jail. Moreover, if the court finds the actions taken against **BAILEY** unconstitutional and resulted from unconstitutional policies or methods, the problem would be ongoing and the only relief available would be injunctive relief.

**C.   The plaintiff can assert facts to support the court granting equitable relief.**

**BAILEY** asserts that the Defendants have made bald assertions and are not due relief under this section.   In Estelle v. Gamble, 429 U.S. 97 (1976) the United States Supreme Court made clear that Eighth Amendment claims of deliberate indifference upon state officials was proper. In Estelle the Court upheld the dismissal of a doctor from an Eighth Amendment cruel and unusual punishment claim, but permitted a hearing on whether other correctional personnel had intentionally violated a constitutional right.   **BAILEY** argues that mere money damages are not the whole issue and argues that if he is entitled to injunctive relief, the State remedy would be insufficient.   Moreover, merely because these officials have been sued individually, **BAILEY** may not necessarily be deprived the official capacity claim.   See Will v. Michigan Department of State Police, 491 U.S. 58, 71 (1989), supra.

**IV.   The District Court will have to determine whether Sheriff Hughes and Reed are entitled to Attorney's Fees and Costs.**

"Pursuant to the Civil Rights Attorney's Fees Award Act of 1976, 42 U.S.C.A. § 1988, federal courts may award reasonable attorney's fees to prevailing parties in suits under 42 U.S.C.A. § 1983." Leggett v. Badger, 759 F.2d 1556, 1557 (11th Cir. 1985).

The Defendants assertion that they are entitled to attorney's fees is without merit. "In upholding an attorney's fee award to a successful defendant, that court stated that such awards should be permitted 'not routinely, not simply because he succeeds, but only where the action brought is found to be unreasonable, frivolous, meritless or vexatious.'" Christianburg Garment Co. v. Equal Employment Opportunity Commission, 434 U.S. 412, 421 (1978) quoting Carrion v. Yeshiva University, 535 F.2d 722 (2nd Cir. 1976). It is the Court's discretion as to whether it will award attorney's fees. See id.

## CONCLUSION

For the foregoing reasons and the reasons previously asserted in his earlier filed response, **BAILEY** asserts that his claim should not be dismissed and that he should be permitted to continue his action.

**RESPECTFULLY SUBMITTED** this the   18th   day of   March   ,
2011.

/s/ Allen K. Mitchell
**ALLEN K. MITCHELL, (MIT034)**
Attorney for the Plaintiff
707 West Main Street
Dothan, AL 36301
Ph: (334) 671-0289
FAX: (334) 671-0290
E-mail: mitchak@mmgpc.com

**CERTIFICATE OF SERVICE**

I hereby certify that that I have electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will provide notice to the following CM/ECF participants:

Gary L. Willford, Jr.
Webb & Ely, P.C.
7475 Halcyon Pointe Drive
Montgomery, Al 36117

Gary Sherrer
Sherrer, Jones & Terry, P.C.
335 West Main Street
Dothan, AL 36301

Lawrence Matthew Quinlivan
Deutsch, Kerrigan & Stiles, LLP
2510 14th Street, Suite 1001
Gulfport, MS 39501

/s/ Allen K. Mitchell
**ALLEN K. MITCHELL, (MIT034)**
Attorney for the Plaintiff
707 West Main Street
Dothan, AL 36301
Ph: (334) 671-0289
FAX: (334) 671-0290
E-mail: mitchak@mmgpc.com
